KILPATRICK TOWNSEND & STOCKTON LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
GIA L. CINCONE (State Bar No. 141668)
RYAN BRICKER (State Bar No. 269100)
CALLA E. YEE (State Bar No. 306652)
Two Embarcadero Center, Suite 1900
San Francisco, California  94111
Telephone:  (415) 576-0200
Facsimile:   (415) 576-0300
E-Mail:       ggilchrist@kilpatricktownsend.com
                   gcincone@kilpatricktownsend.com
                   rbricker@kilpatricktownsend.com
                   cyee@kilpatricktownsend.com

Attorneys for Plaintiff
LEVI STRAUSS & CO.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI STRAUSS & CO.,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>RICHARD I SPIECE SALES CO., INC.,<br><br>　　　　　　　　　Defendant. | Case No. 3:16-cv-6344<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND DILUTION (INJUNCTIVE RELIEF SOUGHT)**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Levi Strauss & Co. ("LS&Co.") complains against Defendant Richard I Spiece Sales Co., Inc., as follows:

**JURISDICTION, VENUE, AND INTRA-DISTRICT ASSIGNMENT**

1.  Plaintiff's LS&Co.'s first, second, and third claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§ 1051 *et seq*.).  This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition); 28 U.S.C. § 1331 (federal question); and 15 U.S.C. § 1121 (Lanham Act).  This Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367.

2.     LS&Co. is informed and believes venue is proper in this Court under 28 U.S.C. § 1391(b) because Richard I Spiece Sales Co., Inc., transacts affairs in this district and because a substantial part of the events giving rise to the claims asserted arose in this district.

3.     Intra-district assignment to any division of the Northern District is proper under Local Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

## PARTIES

4.     LS&Co. is a Delaware corporation with its principal place of business at Levi's Plaza, 1155 Battery Street, San Francisco, California 94111.  Operating since approximately the 1850s, LS&Co. is one of the oldest and best known apparel companies in the world.  It manufactures, markets, and sells a variety of apparel, including its traditional LEVI'S® brand products.

5.     LS&Co. is informed and believes that Defendant Richard I Spiece Sales Co., Inc., d/b/a Denim Express ("Defendant") is an Indiana corporation with its principal place of business at 1150 Manchester Avenue, Wabash, Indiana 46992.   LS&Co. is informed and believes that Defendant manufactures, distributes, and/or sells, or has manufactured, distributed, and/or sold, jeans under the brand name Denim Express which are offered for sale and sold throughout the United States, including in this judicial district.  LS&Co. is further informed and believes that Defendant has authorized, directed, and/or actively participated in the wrongful conduct alleged herein.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

**LS&Co.'s Tab Trademark**

6.     LS&Co. marks its LEVI'S® brand products with a set of trademarks that are famous around the world.  For many years prior to the events giving rise to this Complaint and continuing to the present, LS&Co. annually has spent great amounts of time, money, and effort advertising and promoting the products on which its trademarks are used and has sold many millions of these products all over the world, including throughout the United States and in California.  Through these investments and large sales, LS&Co. has created considerable goodwill and a reputation for quality

/ / /

/ / /

1  products.  LS&Co. continuously has used these trademarks, some for well over a century, to
2  distinguish its products.

3      7.     Most of LS&Co.'s trademarks are federally registered; all are in full force and effect,
4  valid and protectable, and exclusively owned by LS&Co.  LS&Co. continuously has used each of its
5  trademarks, from the registration date or earlier, until the present and during all time periods relevant
6  to LS&Co.'s claims.

7      8.     Among its marks, LS&Co. owns the famous Tab Device Trademark (the "Tab
8  trademark"), which consists of a textile marker or other material sewn into one of the regular
9  structural seams of the garment.  LS&Co. uses the Tab trademark on LEVI'S® jeans and a variety
10 of other clothing products.

11     9.     LS&Co. began to display the Tab trademark on the rear pocket of its pants in 1936
12 when its then National Sales Manager, Leo Christopher Lucier, proposed placing a folded cloth
13 ribbon in the structural seams of the rear pocket.  The purpose of this "tab" was to provide "sight
14 identification" of LS&Co.'s products.  Given the distinctiveness of the Tab trademark, Mr. Lucier
15 asserted that "no other maker of overalls can have any other purpose in putting a colored tab on an
16 outside patch pocket, unless for the express and sole purpose of copying our mark, and confusing the
17 customer."

18    10.    LS&Co. owns, among others, the following United States Registrations for its
19 Tab trademark, attached as Exhibit A.  These registrations have become incontestable under the
20 provisions of 15 U.S.C. § 1065.

21         a.     Registration No. 356,701 (first used as early as September 1,
22              1936; registered May 10, 1938);

23         b.     Registration No. 516,561 (first used as early as September 1,
24              1936; registered October 18, 1949);

25         c.     Registration No. 577,490 (first used as early as September 1,
26              1936; registered July 21, 1953);

27         d.     Registration No. 774,625 (first used as early as May 22, 1963;
28              registered August 4, 1964);

   e.  Registration No. 775,412 (first used as early as October 9, 1957; registered August 18, 1964); and

   f.  Registration No. 1,157,769 (first used as early as September 1, 1936; registered June 16, 1981).

11. The Tab trademark is valid and protectable, and exclusively owned by LS&Co. The Tab trademark is famous and recognized around the world and throughout the United States by consumers as signifying authentic, high quality LEVI'S® jeans. The Tab trademark became famous prior to Defendant's conduct that is the subject of this Complaint.

12. Examples of LS&Co.'s use of its Tab trademark on LEVI'S® jeans are attached as Exhibit B.

**Defendant's Infringement of LS&Co.'s Tab Trademark**

13. Beginning at some time in the past and continuing until the present, Defendant has manufactured, promoted, and sold garments that infringe and dilute LS&Co.'s Tab trademark.

14. In particular, LS&Co. is informed and believes that Defendant has manufactured, sourced, marketed, and/or sold substantial quantities of jeans bearing pocket tab devices that are highly similar to LS&Co.'s Tab trademark and are likely to confuse consumers about the source of Defendant's products and/or a relationship between Defendant and LS&Co. Images of Defendant's products bearing the tab devices are attached to this Complaint as Exhibit C. LS&Co. is informed and believes that, after receiving LS&Co.'s cease and desist letter on or around February 1, 2016, Defendant removed images from its www.denimexpress.com website that showed Defendant's jeans bearing pocket tab devices, preventing LS&Co. from determining whether Defendant continued to sell the infringing products. LS&Co. recently confirmed that Defendant continues to sell products bearing pocket tab devices that are highly similar to LS&Co.'s Tab trademark.

15. LS&Co. is informed and believes that Defendant has manufactured, marketed, and sold substantial quantities of products bearing the tab devices, and has obtained and continues to obtain substantial profits from these sales.

16. Defendant's actions have caused and will cause LS&Co. irreparable harm for which money damages and other remedies are inadequate. Unless Defendant is restrained by this Court, it

1  will continue and/or expand its illegal activities and otherwise continue to cause great and irreparable
2  damage and injury to LS&Co. by, among other things:

      a.   Depriving LS&Co. of its statutory rights to use and control use of its trademarks;

      b.   Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the infringing products;

      c.   Causing the public falsely to associate LS&Co. with Defendant and/or its DENIM EXPRESS brand products, or vice versa;

      d.   Causing incalculable and irreparable damage to LS&Co.'s goodwill and diluting the capacity of its trademarks to differentiate LEVI'S® products from others; and

      e.   Causing LS&Co. to lose sales of its genuine clothing products.

17. Accordingly, in addition to other relief sought, LS&Co. is entitled to injunctive relief against Defendant, its affiliates, licensees, subsidiaries, and all persons acting in concert with it.

**FIRST CLAIM**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. §§ 1114-1117; Lanham Act § 32)**

18. LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 17 of this Complaint.

19. Without LS&Co.'s consent, Defendant has used, in connection with the sale, offering for sale, distribution, or advertising of its products, designs that infringe upon LS&Co.'s registered Tab trademark.

20. These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

21. As a direct and proximate result of Defendant's infringing activities, LS&Co. is entitled to recover Defendant's unlawful profits and LS&Co.'s substantial damages under 15 U.S.C. § 1117(a).

/ / /

22. Defendant's infringement of LS&Co.'s trademarks is an exceptional case and was intentional, entitling LS&Co. to treble the amount of its damages and Defendant's profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

23. LS&Co. is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

## SECOND CLAIM
## FEDERAL UNFAIR COMPETITION
### (False Designation of Origin and False Description)
### (15 U.S.C. § 1125(a); Lanham Act § 43(a))

24. LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 23 of this Complaint.

25. Defendant's use of the pocket tab devices tends falsely to describe its products within the meaning of 15 U.S.C. § 1125(a)(1). Defendant's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's products, to the detriment of LS&Co. and in violation of 15 U.S.C. § 1125(a)(1).

26. As a direct and proximate result of Defendant's infringing activities, LS&Co. is entitled to recover Defendant's unlawful profits and LS&Co.'s substantial damages under 15 U.S.C. § 1117(a).

27. Defendant's infringement of LS&Co.'s Tab trademark is an exceptional case and was intentional, entitling LS&Co. to treble the amount of its damages and Defendant's profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

28. LS&Co. is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

## THIRD CLAIM
## FEDERAL DILUTION OF FAMOUS MARKS
### (Trademark Dilution Revision Act of 2006)
### (15 U.S.C. § 1125(c); Lanham Act § 43(c))

29. LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 28 of this Complaint.

/ / /

/ / /

1      30.    LS&Co.'s Tab trademark is distinctive and famous within the meaning of the

2  Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and was distinctive and famous

3  prior to Defendant's conduct as alleged in this Complaint.

4      31.    Defendant's conduct is likely to cause dilution of LS&Co.'s Tab trademark by

5  diminishing its distinctiveness in violation of the Trademark Dilution Revision Act of 2006, 15

6  U.S.C. § 1125(c).

7      32.    LS&Co. is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c).

## FOURTH CLAIM
## CALIFORNIA TRADEMARK INFRINGEMENT AND DILUTION
### (Cal. Bus. & Prof. Code §§ 14245, 14247, 14250)

10      33.    LS&Co. realleges and incorporates by reference each of the allegations contained in

11  paragraphs 1 through 32 of this Complaint.

12      34.    Defendant's infringement of LS&Co.'s Tab trademark is likely to cause consumer

13  confusion and dilution of LS&Co.'s marks in violation of California Business & Professions Code

14  sections 14245 and 14247.

15      35.    Defendant's infringed and diluted LS&Co.'s Tab trademark with knowledge and

16  intent to cause confusion, mistake, or deception.

17      36.    Defendant's conduct is aggravated by that kind of willfulness, wantonness, malice,

18  and conscious indifference to the rights and welfare of LS&Co. for which California law allows the

19  imposition of exemplary damages.

20      37.    Pursuant to California Business & Professions Code sections 14247 and 14250,

21  LS&Co. is entitled to injunctive relief and damages in the amount of three times Defendant's profits

22  and three times all damages suffered by LS&Co. by reason of Defendant's manufacture, use, display,

23  or sale of infringing goods.

## FIFTH CLAIM
## CALIFORNIA UNFAIR COMPETITION
### (Cal. Bus. & Prof. Code § 17200)

26      38.    LS&Co. realleges and incorporates by reference each of the allegations contained in

27  paragraphs 1 through 37 of this Complaint.

28  / / /

39. Defendant's conduct as alleged in this Complaint constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code section 17200.

40. As a consequence of Defendant's actions, LS&Co. is entitled to injunctive relief preventing the conduct alleged in this Complaint.

## **PRAYER FOR JUDGMENT**

WHEREFORE, LS&Co. prays that this Court grant it the following relief:

41. Adjudge that LS&Co.'s Tab trademark has been infringed by Defendant in violation of LS&Co.'s rights under common law, 15 U.S.C. § 1114, and/or California law;

42. Adjudge that Defendant has competed unfairly with LS&Co. in violation of LS&Co.'s rights under common law, 15 U.S.C. § 1125(a), and/or California law;

43. Adjudge that Defendant's activities are likely to dilute LS&Co.'s famous Tab trademark in violation of LS&Co.'s rights under common law, 15 U.S.C. § 1125(c), and/or California law;

1. Adjudge that Defendant, its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with them, and/or any person(s) acting for, with, by, through, or under any of them, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

   a. Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods that display any words or symbols that so resemble LS&Co.'s Tab trademark as to be likely to cause confusion, mistake, or deception, on or in connection with any product that is not authorized by or for LS&Co., including, without limitation, any product that bears the Defendant's pocket tab devices which are the subject of this Complaint and for which Defendant is responsible, or any other approximation of LS&Co.'s trademarks;

   b. Using any word, term, name, symbol, device, or combination thereof that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Defendant or its products with LS&Co., or as to the origin of Defendant's goods, or any false

/ / /

1   designation of origin, false or misleading description or representation of fact, or any false or
2   misleading advertising;
3         c.      Further infringing the rights of LS&Co. in and to any of its trademarks
4   in its LEVI'S® brand products or otherwise damaging LS&Co.'s goodwill or business reputation;
5         d.      Further diluting the Tab trademark;
6         e.      Otherwise competing unfairly with LS&Co. in any manner; and
7         f.      Continuing to perform in any manner whatsoever any of the other acts
8   complained of in this Complaint;
9       44.    Adjudge that Defendant be required immediately to supply LS&Co.'s counsel with a
10  complete list of individuals and entities from whom or which it purchased, and to whom or which it
11  sold, offered for sale, distributed, advertised, or promoted, infringing products as alleged in this
12  Complaint;
13      45.    Adjudge that Defendant be required immediately to deliver to LS&Co.'s counsel its
14  entire inventory of infringing products, including, without limitation, pants and any other clothing,
15  packaging, labeling, advertising and promotional material, and all plates, patterns, molds, matrices,
16  and other material for producing or printing such items, that are in its possession or subject to its
17  control and that infringe LS&Co.'s trademarks as alleged in this Complaint;
18      46.    Adjudge that Defendant, within thirty (30) days after service of the judgment
19  demanded herein, be required to file with this Court and serve upon LS&Co.'s counsel a written
20  report under oath setting forth in detail the manner in which it has complied with the judgment;
21      47.    Adjudge that LS&Co. recover from Defendant its damages and lost profits, and
22  Defendant's profits, in an amount to be proven at trial, as well as punitive damages under California
23  law;
24      48.    Adjudge that Defendant be required to account for any profits that are attributable to
25  its illegal acts, and that LS&Co. be awarded (1) Defendant's profits and (2) all damages sustained by
26  LS&Co., under 15 U.S.C. § 1117, plus prejudgment interest;
27      49.    Adjudge that the amounts awarded to LS&Co. pursuant to 15 U.S.C. § 1117 shall be
28  trebled;

50. Order an accounting of and impose a constructive trust on all of Defendant's funds and assets that arise out of Defendant's infringing activities;

51. Adjudge that LS&Co. be awarded its costs and disbursements incurred in connection with this action, including LS&Co.s's reasonable attorneys' fees and investigative expenses; and

52. Adjudge that all such other relief be awarded to LS&Co. as this Court deems just and proper.

Dated: November 1, 2016    Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By: _____/s/ *Ryan Bricker*_____
                Ryan Bricker

Attorneys for Plaintiff
LEVI STRAUSS & CO.


## DEMAND FOR JURY TRIAL

LS&Co. demands that this action be tried to a jury.

Dated: November 1, 2016    Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By: _____/s/ *Ryan Bricker*_____
                Ryan Bricker

Attorneys for Plaintiff
LEVI STRAUSS & CO.

68728869V.1